# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTANT OTTRO BAHI<br>A96-678-915<br>FATOU FLORENCE KOUADIO<br>A98-678-914<br>PAULE EMMANUELLE BAHI<br>A98-678-916<br>14808 McKnew Blvd.<br>Burtonsville, MD 20866<br><br>PLAINTIFF<br><br>V<br><br>ALBERTO GONZALEZ,<br>\Attorney General<br>U.S. Attorney General's Office<br>10th & Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br><br>MICHAEL CHERTOFF, Secretary<br>Dept. of Homeland Security<br>425 Murrah Dr., Building 410<br>Washington, DC 20528<br><br>EMILIO GONZALEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Ave. NW<br>Washington, DC 20529<br><br>ROBERT S. MUELLER<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535-0001<br><br>ANN KRAMER, Director<br>Arlington Asylum Office<br>1525 Wilson Blvd, Suite 300<br>Arlington, VA 22209<br><br>DEFENDENTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

10th & Pennsylvania Avenue, NW

CIVIL ACTION
Case Number:

*Also Served*:                                    )
                                                  )
U.S. ATTORNEY'S OFFICE                            )
Attn: Civil Process Clerk                         )
6625 United States Courthouse                     )
101 West Lombard Street                           )
Baltimore, Maryland 21201-2692                    )
-*Via Certified Mail*                             )
_____ )

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND PETITION FOR WRIT OF MANDAMUS

The Plaintiffs, by and through the undersigned counsel, file this Complaint for

Mandamus, seeking to compel the Defendants to conduct criminal record checks and

security/name checks and adjudicate the Application for Asylum ("Application"), duly

filed on November 17, 2004, by Fatou Florence KOUADIO, the principal asylum

applicant.  Given the recommended approval, the Asylum Application has been

approved on the merits.  Based upon discussions with the Deputy Director of the

Asylum Office, Bryan Christian, the only matter pending since December 2004 is

Plaintiffs' background checks.  Plaintiffs have exhausted all administrative remedies

and made numerous inquiries and requests for adjudication concerning this

application. Defendants have failed to complete Plaintiff's background checks and

consequently, failed to adjudicate the asylum application for over two years and nine

months.

## PRELIMINARY STATEMENT

1.      This is a mandamus action for declaratory and injunctive relief to compel the

        Defendants and those acting under them to immediately and forthwith take all

        appropriate action to process Plaintiffs' mandatory identity and background

        checks, which have been pending since December 4, 2004.  Numerous status

inquiries and attempts to compel adjudication have received no response. *See Exh. 2.*

2.    As the principal applicant, Mrs. Kouadio's asylum application was filed on November 17, 2004, naming her husband, Mr. Bahi, and their daughter, Paule Bahi, as dependents. After an interview at the Arlington Asylum Office on December 20, 2004, Mrs. Kouadio was granted Recommended Approval on February 3, 2005, pending the completion of the mandatory identity and background checks. *See Exh. 1.* After repeatedly visiting the Asylum Office to check the status of the approval, Plaintiffs were told that Mrs. Kouadio and Paule Bahi's background checks had been cleared in April 2005, but that the results from Mr. Bahi's identity and background check had not yet been provided. Despite numerous and on-going attempts to rectify the "pending" approval, Plaintiffs continue to wait and are prejudiced by their uncertain immigration status.

3.    Specifically, Plaintiffs seek a declaration of their rights and other legal relations under the Immigration and Nationality Act (INA) section 209((d)(5)(A)(iii), which requires that, in the absence of "exceptional circumstances," final administrative adjudication of an asylum application should be completed within 180 days after the date an application is filed.

4.    Plaintiffs further request of the Court that it issue a writ of mandamus compelling Defendants to process the pending identity checks pursuant to INA. § 209((d)(5)(A)(iii) within thirty days.

5.  Plaintiffs also ask the Court to award their fees and costs expended in the filing and prosecution of these claims pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

## I. JURISDICTION

6.  This is a civil action, brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (mandamus action to compel an officer of the U.S. to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the Plaintiffs and to compel the Defendants to perform a duty that the Defendants owe to the Plaintiffs.   Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Given the government's unreasonable delay or failure to act, jurisdiction is also conferred by 5 U.S.C. §551, *et. seq.* the Administrative Procedures Act ("APA"), as an agency action subject to judicial review.  *See* 5 U.S.C. §§ 555(b) and 706(1).

7.  Section 242 of the INA, 8 U.S.C. §1252, does not deprive this Court of jurisdiction.  INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal order but simply an action to compel the Defendants to adjudicate Plaintiff's asylum application, this Court retains original mandamus

jurisdiction under 28 U.S.C. §1361. Furthermore, INA §242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of "various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because administrative adjudication of a properly filed affirmative asylum application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim.[1]

8.    The APA requires USCIS to carry out its duties within "a reasonable time." 5 U.S.C. §555(b). Specifically, 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. §555(b). As set forth below, the delay in processing the Plaintiff's Asylum Application is unreasonable.

## II.    VENUE

9.    Venue is proper in this case pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers of the United States in their official capacities, brought

---

[1] While the grant of asylum may be considered as a matter within the discretion of the Attorney General, the Recommended Approval or pending grant of asylum is not at issue in the present Complaint. Specifically, while the ultimate decision on whether to grant asylum may be a matter of discretion, the actual processing and adjudication of asylum applications in non-discretionary in nature, and therefore, subject to mandamus jurisdiction.

in the District where a defendant resides, U.S. DHS conducts business, and where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. Because the Defendants are being sued in their official capacities and because national policy concerning the adjudication of asylum applications is formulated by the DHS and implemented by USCIS in Washington, D.C., and both are federal agencies, venue is proper.

### III.    PARTIES

10.    Plaintiff, Mrs. Fatou Florence KOUADIO, the principal asylum applicant, filed her I-589 (Application for Asylum) on November 17, 2004, which was recommended for approval on February 3, 2005. *See Exh. 1.* Plaintiff, Mr. Constant Ottro BAHI, is the derivative asylum applicant on his wife, Mrs. Fatou Florence KOUADIO's, Application for Asylum. Plaintiff, Ms. Paule Emmanuelle BAHI, is the couple's eleven year old daughter and is also a derivative on Mrs. KOUADIO's Application for Asylum.

11.    Defendant Michael CHERTOFF is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(a) including the accurate, efficient and secure processing of immigration benefits.

12.    Defendant Emilio GONZALEZ is the Director of the U.S. Citizenship and Immigration Service and is charged by law with the statutory obligation to ensure that the USCIS lawfully implements the INA.

13.    Defendant Alberto GONZALEZ is also sued in his official capacity as the

Attorney General of the United States and is charged with the authority and

duty to direct, manage, and supervise all employees and all files and records of

the Department of Justice including the security checks required to obtain an

immigration benefit.

14.    Defendant Robert S. MUELLER is sued in his official capacity as the Director

of the Federal Bureau of Investigation ("FBI"). He is responsible for

conducting both criminal record checks and the National Name Check

Program ("NNCP"). The NNCP disseminates information from the FBI's

Central Records System in response to requests submitted by federal agencies,

including USCIS.

15.    Defendant Ann KRAMER is the Director of the Arlington Asylum Office, and

is charged by law with the obligation to administer the adjudication of

Plaintiff's Asylum application, within 180 days of its receipt, absent

"exceptional circumstances."  INA § 209((d)(5)(A)(iii).

## V.    FACTUAL BACKGROUND

16.    Mr. Bahi, a citizen of the Ivory Coast, entered the United States on August 12,

2004, with his wife, Fatou Florence Kouadio, and their young daughter, Paule

Emmanuelle Bahi.

17.    While living in the Ivory Coast, Mrs. Fatou Florence Kouadio suffered

persecution on account of her religious and political opinions.  Consequently,

Plaintiffs fled the Ivory Coast, seeking protection in the United States.   Mrs.

Kouadio timely filed her Form I-589 (Application for Asylum) on November

17, 2004. As the principal applicant, she named the Plaintiff and their daughter as dependents on her I-589.

18.   Plaintiffs accordingly submitted their biometrics to the INS Glenmont in Wheaton, Maryland. Further, in order to begin their background and identity checks, they were fingerprinted on December 4, 2004.

19.   As the principal applicant, Mrs. Kouadio was interviewed by an asylum officer at the Arlington Asylum Office on December 20, 2004. Subsequently, on February 3, 2005, Plaintiffs received a letter from the Arlington Asylum Office, indicating that after "careful consideration," Mrs. Kouadio's Asylum Application was "recommended for approval." *See Exh. 1.* Although the asylum application was approved on the merits, final approval could not be given until the family's background checks were completed and received.

20.   Plaintiffs visited the Arlington Asylum Office on numerous occasions to check on the status of the approval. *See Status Inquiry Forms at Exh. 2, indicating that Mr. Bahi went to the Arlington Asylum Office on August 2, 2005, February 3, 2006, April 14, 2006, May 26, 2006, June 23, 2006, December 20, 2006, January 19, 2007, and May 11, 2007 (please note that some of the inquiry forms have multiple stamp dates, as they were used on multiple occasions).* In addition to visiting the Asylum Office in person, Plaintiffs also sent numerous status inquiries to the Arlington Asylum Office, to the attention to the Director, dated May 2, 2005, August 2, 2005, January 13, 2006, and May 30, 2006. *See Exh. 2.* However, Plaintiff never received a response to any of his inquiries.

21.    The first several times that Plaintiffs visited the Asylum Office, they were merely informed that their case remained pending, and that they would not be given final approval until background and identity checks were completed. While visiting the Asylum Office on February 3, 2006, Plaintiffs were informed that the necessary identity and background checks had been completed for Mrs. Kouadio and Paule Emmanuelle Bahi in April 2005, but that the Mr. Constant Bahi's remained pending. In total, Plaintiffs made twelve attempts to ascertain the "pending" status of his case.

22.    Nearly two years and nine months have passed since Plaintiffs submitted their fingerprints and the asylum application was given recommended approval. Such a time period is well beyond the statutory 180 day time period for adjudicating asylum applications.  *See INA § 209((d)(5)(A)(iii).*

23.    The unreasonable delay in processing Plaintiffs identity and background check and adjudicating the asylum application has caused Plaintiffs extensive and unnecessary hardship. Mrs. Kouadio suffers from gastric acid blocks and has had to be hospitalized for treatment. Due to their immigration status, Plaintiffs are unable to obtain medical insurance and consequently, have been unduly burdened with expensive hospital bills. Plaintiffs' daughter, Paule, who is eleven, is also without medical insurance. Additionally, Plaintiffs have had difficulty enrolling their daughter in school because she does not yet have a social security card.

24.   As of the date of this complaint, <u>1,036 days</u>[2] have passed since the Arlington

Asylum Office received Mrs. Kouadio's asylum application on November 17,

2004.

## VI.   CLAIMS

### A.  COUNT I: Mandamus as Against All Defendants

### Pursuant to 28 U.S.C. §1361

25.   Plaintiffs incorporate the allegations contained in ¶ 12 through 23 as if alleged

herein.

26.   The government has a duty to adjudicate Plaintiffs' background and identity

checks within a reasonable time.  Section 6 of the APA requires that,"[w]ith

due regard for the convenience and necessity of the parties or their

representatives and within a reasonable time, each agency shall proceed to

conclude a matter presented to it." 5 U.S.C. § 555(b)

27.   Defendants are charged by law with the duty of adjudicating Plaintiffs'

background and identity checks and asylum application within 180 days of

receipt absent "exceptional circumstances," pursuant to INA §

209((d)(5)(A)(iii).  Nothing in the record suggests the presence of "exceptional

circumstances" to justify the fact that <u>1,036 days</u> have passed since the

Arlington Asylum Office received the underlying asylum application on

November 17, 2004.

28.   A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to

the relief requested; (ii) the defendant has a clear duty to perform the act in

---

[2] As of September 19, 2007, 1,036 days have passed since Mrs. Kouadio's asylum application was filed despite the 120 days proscribed for administrative adjudication pursuant to INA § 209((d)(5)(A)(iii)..

question; and (iii) no other adequate remedy is available. The Plaintiff clearly satisfies all three of these criteria.

29. **Plaintiffs have a clear right to have their background checks processed in a timely manner, as** derived from USCIS's mandatory duty to process asylum applications and the fact that plaintiff is the intended beneficiaries of the application. *See* 8 C.F.R. §208.19 (duty to grant or deny asylum applications and communicate the decision to the applicant); INA § 209((d)(5)(A)(iii) (duty of adjudicating asylum applications within 180 days of receipt, absent "exceptional circumstances").

30. The Plaintiffs' right to a timely adjudication, though not explicit in the regulation, is present in section 555(b) of the APA, which requires that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." *See Haidari*, 2006 U.S. Dist. LEXIS 89177 at *11. To determine if a delay is unreasonable, courts examine the reasons for delay. For example, they look to whether USCIS asked for the FBI name check in a timely manner and whether USCIS failed to timely process the applications before requesting the name check and after receiving the information from the FBI. *See id.* at 16-17; *Singh v. Still*, 470 F. Supp. 2d 1064, 1068-69 (N.D. Cal. 2007) (reasoning that respondents failed to explain why it took two-and-a-half years to initiate a security check with the FBI, why no action was taken to follow up with the FBI until the mandamus suit was filed, and why it took so long to process plaintiff's initial fingerprints);

*Aboushaban v. Mueller*, No. 06-1280, 2006 U.S. Dist. LEXIS 81076, *14
(N.D. Cal. 2006) ("[t]he FBI's delay in processing plaintiff's name check
remains largely unexplained, and the remainder of defendants' arguments do
not adequately excuse the delays plaintiff encountered.").

31.    The 1,036 day delay is manifestly unreasonable.  The FBI's delay in processing
Plaintiffs' name check remains largely unexplained and a reasonable person in
Plaintiffs' circumstances would not find the delay reasonable.  *See, e.g., Abela
v. Gustafson,* 888 F.2d, 1258, 1266 (9th Cir. 1989) (delays forcing plaintiffs to
seek relief in district court were not justified); *Shalan v. Chertoff,* 2006 U.S.
Dist. LEXIS 82795, 2006 WL 3307512, at *2 (D. Mass.) (undue delay
"renders the government's pre-litigation position not 'substantially justified'");
*Salem v. INS,* 122 F. Supp. 2d 980, 985 (C.D. Ill. 2000) (undue delay was not
substantially justified); *Dabone v. Thornburgh,* 734 F. Supp. 195, 203 (E.D.
Penn. 1990) (assertion of overwork did not justify delay). Defendants have
failed to meet their burden of demonstrating that the delay in processing
Plaintiff's background check was substantially justified.

32.    Insofar as the FBI was acting at the request of the USCIS, and the USCIS
knew of the delays inherent in the FBI's processes, USCIS cannot claim that it
should not be held responsible for such delays.  Rather, the FBI's delays are
attributable to the USCIS. *See, e.g., Shalan v. Chertoff,* 2006 U.S. Dist. LEXIS
82795, 2006 WL 3307512, at *2 (D. Mass.) (rejecting the argument that delay
occasioned by the FBI may render the USCIS's position substantially justified);
*Singh,* 470 F. Supp. 2d at 1068-69 (rejecting the government respondents'

attempts to "divorce themselves" from the FBI's name check processes); *see also Annual Report to Congress*, Citizenship and Immigration Services Ombudsman, June 2006), at 24 ("the name checks are a fee-for-service that the FBI provides the USCIS at its request.").

33.    **USCIS has a nondiscretionary duty to process applications and petitions.** USCIS has the discretion to grant or deny the application, but this does not bear on the nondiscretionary duty to make a decision on the application or petition. *See Razaq v. Poulos*, No. 06-2461, 2007 U.S. Dist. LEXIS 770, *9-10 (N.D. Cal. 2007) (reasoning that the fact that there is no specific deadline in the statute or regulation does not change the ministerial duty to process the application). In addition, INA § 242(a)(2)(B)(ii), 8 U.S.C. §1252(a)(2)(B)(ii), does not strip the court of jurisdiction to hear mandamus actions because no "decision or action" has taken place within the meaning of the statutory language. *See Haidari*, No. 06-3215, 2006 U.S. Dist. LEXIS 89177 at *13-14 (D. Minn. 2006) (reasoning that because plaintiffs have neither been denied nor granted relief, § 242(a)(2)(B) does not bar jurisdiction); *Li Duan v. Zamberry*, No. 06-1351, 2007 U.S. Dist. LEXIS 12697, *6-7 (W.D. Pa. 2007) (finding that INA § 242(a)(2)(B) does not apply because the pace of the adjudication of applications is not the type of discretionary "action" contemplated by the statute). Because administrative adjudication of a properly filed affirmative asylum application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be

in the discretion of the Attorney General or the Secretary of Homeland

Security, the Court retains original mandamus jurisdiction over this claim.[3]

34.    **There is no other remedy available to Plaintiffs.**  Waiting indefinitely for

security checks to be completed is not an adequate remedy. The fact that

Plaintiffs are waiting is the exact harm they are seeking to remedy. S*ee Singh*,

2007 U.S. Dist. LEXIS 16334 at *23-24 ("waiting for an agency to act cannot

logically be an adequate alternative to an order compelling the agency to act. .

.") (citations omitted); *Haidari*, 2006 U.S. Dist. LEXIS 89177 at *15

(reasoning that waiting is not an adequate remedy because the question is

whether plaintiffs have an adequate alternative remedy to the waiting itself).

35.    The Defendants have willfully and unreasonably refused to adequately process

Plaintiffs' background and identity checks for nearly two years and nine

months.  Defendants owe Plaintiffs a clear duty to act upon their background

checks and have unreasonably failed to perform that duty.  The Defendants'

delay and inaction are without justification and have forced the Plaintiffs to

resort to this Court for relief.  Plaintiffs have exhausted all administrative

remedies and have met all the requirements and submitted the necessary

documentation requested by the Service.

35.    Plaintiffs have suffered extensive harm due to the delay in processing their

background and identity checks.  Despite Mrs. Kouadio's clear eligibility for

asylum, as evidenced by the grant of Recommended Approval, she and her

family have been unduly burdened by the unreasonable delay.  They have

---

[3] While the ultimate decision on whether to grant asylum may be a matter of discretion, the actual processing and adjudication of asylum applications in non-discretionary in nature, and therefore, subject to mandamus jurisdiction.

14

encountered difficulty in enrolling their eleven year old daughter in school, and are unable to obtain medical insurance. Defendants owe Plaintiffs the duty to act upon their case in an expedited manner so that Plaintiffs can take up their rightful place in society.

## B.    COUNT II:

### Equal Access to Justice Act (28 U.S.C. 2412(d)(1)(A))

36.    Plaintiffs incorporate the allegations contained in Paragraphs 12 through 35, as if alleged herein

37.    The Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A).

38.    Except as otherwise specifically provided by statute, a court shall award to a prevailing party, other than the United States, fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. 2412 (d)(1)(A).

39.    Upon the issuance of a writ of mandamus against one or all Defendants, Plaintiffs will be a "prevailing party" and will be entitled to recover attorney's fees and costs of this Court for this action.

## VII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this Court:

A. Compel the Defendants and those acting under them to perform their duty to process Plaintiffs' background and identity checks, as required by law.

B. Declare that the Defendants' continued delay and inaction violates federal regulations and the APA.

C. Award reasonable attorney's fees and costs of Court under the Equal Access to Justice Act; and

D. Award such other and further relief that this Court deems proper under the circumstances.

Respectfully submitted on this ____ day of May, 2007,


Robert L. Oswald
*Counsel for Plaintiffs*
DC Bar No. 364446
Beach-Oswald Immigration Assoc., P.C.
888 17th St. NW, Suite 310
Washington DC 20006
Tel:(202) 331-2883

## LIST OF ATTACHMENTS

*Description*

1.    Recommended Approval of Asylum, dated February 3, 2005...............19-20

2.    Copies of Various Status Inquiries (with multiple date stamps)..........20A-28

3.    Affidavit of Mr. Constant Bahi.................................................29-30

EXHIBIT 1

U.S. Department of Homeland Security
1525 Wilson Blvd.
Suite 300
Arlington, VA 22209-0000



**U.S. Citizenship
and Immigration
Services**

Date:  0 3 FEB 2005

FATOU FLORENCE KOUADIO
C/O CREPIN MBOLI GOUMBA
11215 OAK LEAF DR 2003
SILVER SPRING, MD 20901

RE:    KOUADIO, FATOU FLORENCE  A98678914
       BAHI, PAULE EMMANUELLE  A98678916
       BAHI, CONSTANT OTTRO  A98678915

## Recommended Approval

Dear Ms. Kouadio:

This letter refers to your request for asylum in the United States filed on Form I-589.

U.S. Citizenship and Immigration Services (USCIS) previously issued to you a Notice of Intent to Deny your request for asylum. You were given an opportunity to submit an argument in rebuttal to the proposed grounds for denial. After careful consideration of your rebuttal materials, your request has been recommended for approval.

**However, final approval cannot be given until USCIS receives the results from the mandatory, confidential investigation of your identity and background. If the results reveal derogatory information that affects your eligibility for asylum, USCIS may deny your request for asylum or refer it to an immigration judge for further consideration.**

This recommended approval is valid for the period of time necessary to obtain the required clearances. The recommended approval includes your dependents listed above who are present in the United States, were included in your asylum application, and for whom you have established a qualifying relationship by a preponderance of evidence.

You and your dependents listed above are eligible to apply for work authorization during the background check process pursuant to 8 CFR 274a.12(c)(8)(ii). To work in the U.S., you and each qualifying family member must apply for and obtain an Employment Authorization Document (EAD). If authorized, you may accept employment subject to any restrictions in the regulations or on the card. You and your qualifying family members are not required to pay a fee with your initial request(s) for employment authorization. However, when you submit an application to renew your employment authorization, you must each pay a fee or request a fee waiver under 8 C.F.R. 103.7(c). To obtain an EAD, you must each submit a Form I-765, *Application for Employment Authorization* to the appropriate USCIS Service Center, as provided in the instructions to the Form I-765.

KOUADIO, FATOU FLORENCE  A98678914
BAHI, PAULE EMMANUELLE  A98678916
BAHI, CONSTANT OTTRO  A98678915
Page 2


This recommended approval does not entitle your spouse or children outside the United States, if any, to receive derivative asylum status or to be admitted to the United States. If you receive final approval of asylum, you will be entitled to request derivative asylum for your spouse or unmarried child(ren) under 21 years of age by filing a Form I-730, *Refugee and Asylee Relative Petition*.

If you and/or your qualifying family members plan to depart the United States and intend to return, you must each obtain permission to return to the United States before you leave this country. If you leave the United States without first obtaining advance parole, it may be presumed that you abandoned your request for asylum. You may apply for advance parole by filing a Form I-131, *Application for Travel Document*. If you leave the United States with advance parole and return to the country of claimed persecution, you will be presumed to have abandoned your asylum request, unless you can show compelling reasons for the return.

You must notify the Department of Homeland Security (DHS) of any change of address within ten days of any such change. You may obtain a Form AR-11, *Alien's Change of Address Card*, at your nearest post office or USCIS office, or online at www.uscis.gov, to comply with this requirement. Please also submit a copy of the form or other written notification of any change of address to the Asylum Office having jurisdiction over your pending request for asylum.

You may obtain any of the USCIS forms mentioned in this letter by visiting a local USCIS office or calling the National Customer Service Center at 1-800-375-5283. You may also download any USCIS form from the public Internet by signing on to our website at www.uscis.gov.

**Note:  Please write your full name, date of birth, and A number on any correspondence you have with the DHS.**


Sincerely,

*Anna Siller, SAO*

for Marla Belvedere
Director
ARLINGTON ASYLUM OFFICE

000020

EXHIBIT 2

I-409   I-409   FBI

## Inquiry Form

Please Mail To:                          CIS/ARLINGTON ASYLUM OFC
                                         Or FAX to:

**Arlington Asylum Office**   2006 FEB -3 A 9:10   **Arlington Asylum Office**
                              2005 AUG -4  A 7:03:01
**1525 Wilson Blvd., 3rd floor**         **(703) 812-8455**
**Arlington, VA 22209**

A# 98678914·                    Date 08/02/2005

Name: Kouadio         Fatou          Florence
       LAST             FIRST           MIDDLE

Address: 8715  1st Ave #1421C Silver Spring MD
                                                      20910
CHECK HERE IF YOUR ADDRESS HAVE CHANGED [  ]
Phone Number (301) 563 3031    Circle one: Work / Home

Country of Birth: Ivory Coast    Date of Birth: 12/28/1960

Date Asylum Application was filed (I-589): November 2004

Have you had an interview? Yes[×] No[  ]

Officer's Name: ZAR 006    Date of Interview: 12/20/2004

Nature Of Your Inquiry: I received a letter for a "Recommended
Approval" since on 02/03/2005. Since that date
I didn't hear anything. I request a status of my Ca.
                                                        thanks
***************DO NOT WRITE BELOW FOR USCIS PERSONNEL ONLY***************

RESCHEDULE [ ]YES [ ]NO

ADDRESS CHANGE / INQUIRY ANSWERED BY: _____  ON: _____
                                      (Contact Representative)    (Date)

OTHER ACTION: _____

(Revised: 04/28/2004)

20A

353865

## Inquiry Form

| Please Mail To: | Or FAX to: |
|---|---|
| **Arlington Asylum Office** | **Arlington Asylum Office** |
| **1525 Wilson Blvd., 3rd floor** | **(703) 812-8455** |
| **Arlington, VA 22209** | |

A# _98678914_     Date _01/19/2007_

Name: _KOUADIO_     _Fatou_     _FLORENCE_
       LAST          FIRST          MIDDLE

Address: _14808 Mcknew Road, Burtonsville MD 20_

CHECK HERE IF YOUR ADDRESS HAVE CHANGED ☐

Phone Number (301) _714 5251_     Circle one: Work / (Home)

Country of Birth: _Ivory Coast_   Date of Birth: _12/28/1960_

Date Asylum Application was filed (I-589): _November 2004_

Have you had an interview? Yes ☒ No ☐

Officer's Name: _ZAR DDL_     Date of Interview: _12/20/2004_

Nature Of Your Inquiry: _I received a letter for a recommen_
_Approval on 02/03/2005. Since that date I_
_didn't hear anything. I request a status of my Case. Than_

***************_____***********DO NOT WRITE BELOW FOR USCIS PERSONNEL ONLY****************

RESCHEDULE: YES ☐     NO ☐

ADDRESS CHANGE / INQUIRY ANSWERED BY: _____ ON: _____
                                    (Contact Representative)      (Date)

OTHER ACTION: _____ _R/S Non Pending_

(Revised: 04/28/2004)

000021

**Arlington Asylum Office**
**1525 Wilson Blvd suite 300**
**Arlington, VA 22209**

Inquiry Form

### Please fill out all the form and place the inquiry in the box.
### Take a seat and wait for the ticket number to be called.

A# 98678914                    Date 05/11/2007

Name: KOUAMO    FATOU    Florence
      LAST        FIRST      MIDDLE

Address: 14808 Mc Knew Rd, Burtonville MD 20866

CHECK HERE IF YOUR ADDRESS HAVE CHANGED [   ]
Phone Number ( ) 240 786 5126 Circle one: Work / Home / Cel. Phone

Country of Birth: Ivory Coast   Date of Birth: 12/28/1960

Date Asylum Application was filed (I-589): November 2004.

Have you had an interview? Yes [X] No [ ]

Officer's Name: ZAR DOB   Date of Interview: 12/20/2004

Nature Of Your Inquiry: I received a letter for a recommended Approval on 02/03/2005 since that I didn't hear anything. I request a status of...

*******************DO NOT WRITE BELOW FOR USCIS PERSONNEL ONLY****************

RESCHEDULE [ ] YES [ ] NO

ADDRESS CHANGE / INQUIRY ANSWERED BY: _____ ON: 5/11/07
                                    (Contact Representative)      (Date)

OTHER ACTION: Pending
_____
_____

000022

From :   KOUADIO FATOU FLORENCE
         8715 FIRST AVENUE , 1421C
         SILVER SPRING MD 20910


To     : U.S Department of Homeland Security
         ATTN: ZAR  006
         1525 Wilson Blvd.
         Suite 300
         Arlington, VA 22209

Re : -**Applicant's name & A-number : KOUADIO FATOU F. : A98678914**
         - Applicant's date of birth        : 12-28-1960
         - Date of interview                : 12-20-2004
         - Date of fingerprinting           : 12-04-2004
           Biometrics collection               at INS GLEMONT
                                               12331-C GEORGIA AVE.
                                               GLEMONT PLAZA
                                               WHEATON MD, 20906

                              **BAHI PAULE EMMANUELLE : A98678916**
                              **BAHI CONSTANT OTTRO     : A98678915**

### INQUIRY

This is to inquiry into my case. In February 03 2005, I received a letter from your service notifying me that my request for asylum, which includes myself KOUADIO FATOU FLORENCE, born 12-28-1960, my husband BAHI CONSTANT OTTRO, born 10-05-1970, my daughter BAHI PAULE EMMANUELLE, born 05-13-1996, was recommended for approval.

In that letter referred to, I was informed that the final approval would not be given until USCIS receives the results from the mandatory, confidential investigation of our identity and background.

It's been ten months since then and I am writing to inquiry about the outcome.


Sincerely,

000023



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

ARLINGTON VA 22209

| | |
|---|---|
| Postage | $ $0.63 |
| Certified Fee | $2.40 |
| Return Receipt Fee (Endorsement Required) | $1.8 |
| Restricted Delivery Fee (Endorsement Required) | $0. |
| Total Postage & Fees | $ $4.8 |

Postmark Here

7005 1820 0001 7415 8108

Sent To ATTN: ZAR
US Department of Homeland Security
Street, Apt. No., or PO Box No. 1525 wilson Blvd, suite 300
City, State, ZIP+4 Arlington VA 22209

PS Form 3800, June 2002                    See Reverse for Instructions

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  ZAR   ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>ATTN: ZAR 006<br>US Department of Homeland<br>Security<br>1525 wilson Blvd<br>suite 300<br>Arlington, VA 22209 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7005 1820 0001 7415 8108 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

000024



**FLORENCE FATOU KOUDIO**
**S/C CREPIN MBOLI-GOUMBA**
**11215 Oak Leaf DR APT 2003**
**SILVER SPRING MD 20901**

**May 2, 2005**

**U.S. Department of Homeland Security**
**1525 Wilson Blvd.**
**Suite 300**
**Arlington, VA 22209**

| | |
|---|---|
| **RE: -Applicant's name &**<br>        **A-Number** | **: KOUADIO FATOU FLORENCE   : A98678914** |
| **-Applicant's date of bith** | **: 12 – 28 – 1960** |
| **- Date of interview** | **: 12 – 20 - 2004** |
| **- Date of fingerprinting**<br>  **Biometrics collection** | **: 12 – 04 - 2004**<br>   **at INS GLENMONT**<br>        **12331-C GEORGIA AVE.**<br>        **GLENMONT PLAZA**<br>        **WHEATON MD, 20906** |

**BAHI PAULE EMMANUELLE    : A98678916**
**BAHI CONSTANT OTTRO       : A98678915**

## INQUIRY

This is to inquiry into my case. In February 03 2005, I received a letter from your service, notifying me that my request for asylum, which includes myself KOUADIO FATOU FLORENCE, born 12 -28- 1960, my husband BAHI CONSTANT OTTRO, born 10-05-1970, my daughter BAHI PAULE EMMANUELLE, born 05-13-1996, was recommended for approval.

In that letter referred to, I was informed that the final approval would not be given until USCIS receives the results from the mandatory, confidential investigation of our identity and background.

It's been three months since then and I am writing to inquiry about the outcome.

 Sincerely,


KOUADIO FATOU FLORENCE



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ARLINGTON VA 22209

| | |
|---|---|
| Postage | $0.60 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.65 |

Sent To
→ US DEPARTMENT OF HOMELAND SECURITY
Street, Apt. No.; or PO Box No. 1525 WILSON BLVD SUITE 300
City, State, ZIP+4 ARLINGTON, VA 22209.

PS Form 3800, June 2002          See Reverse for Instructions

7004 2890 0001 7734 8336

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

→ MARIA BELVEDERE
DIRECTOR
ARLINGTON ASYLUM OFFICE
US DEPARTMENT OF HOMELAND
SECURITY
1525 WILSON BLVD
SUITE 300
ARLINGTON, VA 22209-000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2890 0001 7734 8336

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

000026

VI . A

May 30, 2006

**From : KOUADIO FATOU FLORENCE**
     **11700 OLD COLUMBIA PIKE APT 915**
     **SILVER SPRING MD 20904**


**To    : DIRECTOR OF ARLINGTON ASYLUM OFFICE**
     U.S Department of Homeland Security
     1525 Wilson Blvd.
     Suite 300
     Arlington, VA 22209

**ATTN : NADIA  BATEKA**


Ref    : - **Applicant's name & A-number : KOUADIO FATOU F. : A98678914**
     - Applicant's date of birth     : 12-28-1960
     - Date of interview     : 12-20-2004
     - Date of fingerprinting     : 12-04-2004
      Biometrics collection     at INS GLEMONT
           12331-C GEORGIA AVE.
           GLEMONT PLAZA
           WHEATON MD, 20906

                 **BAHI PAULE EMMANUELLE : A98678916**
                 **BAHI CONSTANT OTTRO    : A98678915**


**To Whom It May Concern:**


Since February 03 2005 when I received a letter from your service notifying me that my request for asylum was recommended for Approval, I have been waiting for the final letter to find about my status. It's been more then a year that, when I went to the immigration office to have the status of my case, they always give me the same information state ding that : " My case is pending because of my husband background check has not been done by the FBI since 12/04/2004, otherwise mine and my daughter are clear".

000027

**VI - B**

Right now, my situation is very difficult that's why I'm writing this inquiry to explain to whom it may concern. I've been waiting for the final decision of my status. Since November 2005 I have diagnostigued with gastric acid blockers. I went to emergency once and I'm still receiving the bills. Since my immigrations status is not complete I have been facing all difficulties with my family to pay all the hospitals and medications bills because of fault that we can't get medical insurance. I went to the emergency room, and from there I got transfer to the specialist doctor since then I have been paying 120 dollars at every visit. I have to follow my health with a doctor but it's so expensive that I can't afford the treatment and I can prove it with all document and bills I have been received.

Even for my daughter who is a 10 year old, she is not under any type of health insurance,because we can't a social security card for her without our status straight up. I'm always worried about her in case that she get sick also because we will not able to pay the bills if she need to see a doctor. I know that our asylum status is granted. We can be eligible to a medical benefit that will help my family to be cover. We will be very happy if, to whom it may concern think about our health and financial situation and find out with FBI about my husband name check status, because without the letter of grant of asylum we can't get any type of help.

I really don't know what to do at this point and I would like to know how long I need to wait to have my approval letter.

Thank you for your comprehension and I look forward to hear from you.

Sincerely,

FATOU FLORENCE KOUADIO

000028

EXHIBIT 3

**AFFIDAVIT OF CONSTANT OTTRO BAHI**

I, Constant BAHI, affirm the following:

1. I was born on October 5, 1970. I am a citizen of the Ivory Coast. I came to the United States on August 12, 2004 with my wife, Fatou Florence KOUADIO, and our young daughter, Paule Emmanuelle BAHI.

2. Because my wife, Fatou, was persecuted in the Ivory Coast on account of her political and religious opinions, she applied for asylum on November 17, 2004. As the principal applicant, she named myself and our daughter as dependents on her application.

3. My wife and I sent out biometrics to the INS Glenmont in Wheaton, MD. We also were fingerprinted on December 4, 2004.

4. My wife, Fatou, was interviewed by the Arlington Asylum Office on December 20, 2004.

5. On February 3, 2005, we received a letter from the Arlington Asylum Office, informing us that thankfully Fatou's asylum application was Recommended for Approval, but remained pending because the FBI hadn't yet completed the necessary background checks.

6. Since then, time and time again my wife and I have gone to the Arlington Asylum Office to find out what was going on and if we had received our approval yet. We went to the Arlington Asylum Office to get a Status Check on the following days: August 2, 2005, February 3, 2006, April 14, 2006, May 26, 2006, June 23, 2006, December 20, 2006, January 19, 2007, and May 11, 2007. Every time we went, we always got the same response, which was that the approval was still "pending." The first few times my wife and I went to the Asylum Office, we were told that the final approval wouldn't be given until USCIS received the results from the FBI's identity and background checks. Then, while checking on the status of my our approval, on February 3, 2006, we were informed that my wife's and child's background checks had been cleared since April 2005, but that for some reason, the FBI had not yet completed my own.

7. We also sent Status Inquiries to the Director of the Arlington Asylum Office on May 2, 2005, August 2, 2005, January 13, 2006, and May 30, 2006, but we have not received any response.

8. It has been nearly **two years and nine months** since I was fingerprinted and notified of the Recommended Approval of asylum. I have done anything and everything in my power to look into the status of my case, but have never been told why the FBI has not yet completed by identity and background check. There

000029

is no reason why my identity and background check should not have been cleared by now.

9. My poor wife and young daughter, whose background checks have been cleared, are suffering because of this unreasonable delay in processing my identity and background check. My wife suffers from gastric acid blocks and has had to go to the hospital for treatment. However, because of our immigration status, we are unable to get medical insurance and so we are burdened with very expensive hospital bills. Also, we can't get medical insurance for our young daughter Paule, who is now eleven, and we have difficulty enrolling her in school because she doesn't have a social security card yet, since her approval will not be given until my background check is completed.

10. We have waited for so long and done everything we could possibly do, but we are forced to continue waiting. In a few months, it will have been three years since we were notified of the Recommended Approval. I pray that the Asylum Office, the FBI and immigration authorities finish my identity and background check so that my family and I no longer have to live in uncertainty and we can truly and properly start to rebuild our lives in the protection of the United States.

I solemnly swear that the above information is true and correct to the best of my knowledge.

_____          09/13/2007
Constant Ottro BAHI                              Date

9/13/07

ROBERT C. RODGERS
NOTARY PUBLIC
HOWARD COUNTY
MARYLAND
MY COMMISSION EXPIRES JAN. 22, 2008

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Olanrewaju Dennis OJO | ~~Emilio Gonzalez, Gregory Collett and~~ Michael Chertoff, *ETAL* |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Baltimore
(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert L. Oswald, Esq., 888 17th Street NW, Suite 310 Washington DC 20006

202 331-3074

Case: 1:07-cv-01651
Assigned To : Kennedy, Henry H.
Assign. Date : 9/19/2007
Description: Admn. Agency Review

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**⊠ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ⊠ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

This is an action under 28 USC 1331 (fed. question juris.), and sec. 1361 (mandamus action to compel a US officer to perform a duty owed to the plaintiff)

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ <br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 09/19/2007    SIGNATURE OF ATTORNEY OF RECORD *[signature] Oswald*

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.