IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTANT OTTRO BAHI, et al., ) | |
| Plaintiffs, ) | |
| V ) | Case Number: 1:07CV1650 (JDB) |
| MICHAEL B. MUKASEY, et al., ) | |
| Defendants. ) | |

**REPLY TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, Constant Ottro Bahi et al., through undersigned counsel, hereby submit this reply to Defendants' motion to dismiss for lack of jurisdiction. A supporting memorandum in opposition to Defendants' motion is filed herewith.

February 15, 2008                                     Respectfully submitted,

                                                                              /s/_____
                                                                              ROBERT L. OSWALD[1]

---

[1] Please note that the Defendants' motion incorrectly lists a different attorney, Scott Oswald, as the attorney of record, as well as a different law firm as representing Plaintiff.

1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTANT OTTRO BAHI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V ) | Case Number: 1:07CV1650 (JDB) |
| ) | |
| MICHAEL B. MUKASEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION AND SUMMARY

Plaintiffs, by and through Counsel, submit this Memorandum in opposition to the Defendants' motion to dismiss. Given the factual basis of the underlying Complaint and Defendants' legally erroneous arguments contained within its motion, Plaintiffs request that the Honorable Judge Bates accordingly dismiss the Defendants' motion and require Defendants to adjudicate Plaintiffs' application for asylum, as required by law.

The Court maintains subject matter jurisdiction to review Plaintiffs' request for a writ of mandamus or a declaratory ruling compelling USCIS to complete its adjudication of their asylum applications and compelling the FBI to complete the underlying name checks. Pursuant to the Mandamus Act and the Administrative Procedures Act (APA), 5 U.S.C. §551, *et. seq.* this Court possesses authority to compel agency action given USCIS' and the FBI's mandatory duty to perform duties owed to Plaintiffs. While Plaintiffs' do not challenge or question USCIS' and the FBI's duty to investigate the identity of all asylum applicants, USCIS and the FBI have a statutory duty to complete the adjudication of asylum applications within a reasonable time.

2

At present, <u>Plaintiffs' have waited for 3 years, 2 months, and 28 days for the asylum application and underlying name checks to be completed, totaling 1,185 days</u>. In most circumstances, name checks take thirty to ninety days to complete. Defendants have given no reason for the grossly excessive delay and there is <u>no</u> indication that Plaintiff has a criminal record. Defendants' allege that "this is not an 'unreasonable' delay." According to the Defendants' erroneous reasoning, an asylum applicant would be forced to wait *ad infinitum*, in functional limbo, infinitely unable to integrate into society and deprived of all benefits that an asylum grant accordingly provides. Such a rationale is not only contrary to Defendants' statutory obligation to perform duties owed to Plaintiffs, but is manifestly unreasonable.

Defendants employ circular reasoning in alleging that Plaintiffs' do not have a right to have their asylum applications adjudicated before the name checks have been completed, given that the Defendants' motion admits that "The INA <u>requires</u> USCIS to obtain the results of security checks concerning the alien's identity prior to granting a petition for asylum." (Emphasis in original). As conceded to by Defendants, the INA "<u>requires</u> USCIS to obtain the results of security checks," which is <u>exactly</u> the relief that Plaintiff seeks and the duty that USCIS has failed to perform.

## BACKGROUND

### A. Statutory Framework

Plaintiffs' complaint was brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (mandamus action to compel an officer of the U.S. to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the Plaintiffs and to compel the Defendants to perform a duty that the Defendants owe to the Plaintiffs. Further, under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of

3

the United States or any agency thereof to perform a duty owed to the plaintiff." Given the government's unreasonable delay or failure to act, jurisdiction is also conferred by 5 U.S.C. §551, *et. seq.* the Administrative Procedures Act ("APA"), as an agency action subject to judicial review. *See* 5 U.S.C. §§ 555(b) and 706(1).

<u>Plaintiffs have a clear right to have their background checks and underlying asylum applications processed in a timely manner and Defendants have failed to perform their duty to undertake the acts in question,</u> as derived from USCIS's mandatory duty to process asylum applications and the FBI's duty to process the requisite name checks. *See* 8 C.F.R. §208.19 (duty to grant or deny asylum applications and communicate the decision to the applicant); INA § 209((d)(5)(A)(iii) (duty of adjudicating asylum applications within 180 days of receipt, absent "exceptional circumstances"); 8 U.S.C. §1158(d)(5)(A)(iii)(same).

While the grant of asylum may be considered as a matter within the discretion of the Attorney General pursuant to 8 U.S.C. §§ 1158(b)(1) and therefore outside the scope of the Court's ADA and mandamus jurisdiction, Plaintiffs' Recommended Approval or pending grant of asylum is not at issue in the present Complaint. Whereas the Court is barred from reviewing discretionary decisions such as whether to grant or deny asylum, <u>Defendants' failure to adjudicate Plaintiffs' asylum application or process Plaintiffs' name checks is non-discretionary in nature and therefore subject to review.  *See* 8 U.S.C. §1158(d)(5)(A)(iii) (duty of adjudicating asylum applications within 180 days of receipt, absent "exceptional circumstances").</u> As the present action is simply an action to compel Defendants to perform their non-discretionary duties, this Court retains original mandamus jurisdiction under 28 U.S.C. §1361.

The Defendants erroneously state in their motion that USCIS has no legal obligation to adjudicate an asylum application while name checks remain pending. Although Congress

authorized the Attorney General and Secretary of DHS to employ their discretion is establishing some of the procedures for processing asylum applications, such discretion is not absolute. *See* 8 U.S.C. § 1158(d)(1). Congress did in fact establish basic requirements for the adjudication process and thereby imposed a duty upon USCIS which serves as the basis of Plaintiffs' underlying Complaint. *See* INA § 209((d)(5)(A)(iii); 8 U.S.C. §1158(d)(5)(A)(iii). Pursuant to INA § 209((d)(5)(A)(iii), USCIS is charged by law with the duty of adjudicating Plaintiffs' asylum application within 180 days of receipt absent "exceptional circumstances." Nothing in the record suggests the presence of "exceptional circumstances" to justify the fact that 1,185 days have passed since the Arlington Asylum Office received the underlying asylum application on November 17, 2004. Rather, Defendants allege that "the 'exceptional circumstances' language must be read to include incomplete name checks." Such an assertion not only negates the rationale behind an enumerated timeframe, but would effectively force an asylum applicant and their family to await a decision *ad infinitum* without any justification.

While Defendants argue USCIS does not owe Plaintiffs a duty because Congress made completed identity checks a mandatory prerequisite for asylum, the express and unequivocal duty to adjudicate asylum applications within 180 days absent "exceptional circumstances" indicates that Congress intended that the necessary background checks be completed within the enumerated timeframe. Plaintiffs do not challenge the need or validity for mandatory identity checks enshrined in 8 U.S.C. § 1158(d)(5)(A)(I). Rather, Plaintiffs challenge the Defendants' excessive and unreasonable delay of 1,185 days in performing their mandatory, non-discretionary duty.

Accordingly, this Court maintains mandamus jurisdiction given Plaintiffs' right to relief, Defendants' statutory and non-discretionary duty to act, and the absence any adequate remedy

5

available to Plaintiffs. *See In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005); *see also Orlov v. Howard*, 523 F. Supp. 2d 30 (D.D.C. 2007).

## B. Plaintiffs' Applications

As the principal applicant, Mrs. Kouadio's asylum application was filed on November 17, 2004, naming her husband, Mr. Constant Bahi, and their daughter, Paule Bahi, as dependents. After an interview at the Arlington Asylum Office on December 20, 2004, Mrs. Kouadio was granted Recommended Approval on February 3, 2005, pending the completion of the mandatory name and background checks. Mrs. Kouadio and Paule Bahi's background checks were cleared three days after their submission, on November 30, 2004, but Mr. Bahi's identity and background check has remained "pending" for three years, two months, and thirty days.

Despite numerous and on-going attempts to rectify the "pending" approval, Plaintiffs continue to wait and are <u>severely prejudiced by their uncertain immigration status</u>. The unreasonable delay in processing Plaintiffs' name check and adjudicating the asylum application has caused Plaintiffs extensive and unnecessary hardship. Mrs. Kouadio suffers from gastric acid blocks and has had to be hospitalized for treatment. <u>Due to the failure and inactivity of USCIS, Plaintiffs are unable to obtain adequate medical insurance and consequently, have been unduly burdened with expensive hospital bills</u>. Plaintiffs' daughter, Paule, who is eleven, is also without medical insurance. Additionally, Plaintiffs have had difficulty enrolling their daughter in school because she does not yet have a social security card. Plaintiffs have done everything in their power to rectify this situation and to date, <u>Defendants have failed to proffer any justification for the ongoing "pending" status of Mr. Bahi's name check</u>.

## STANDARD OF REVIEW

6

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests whether the court has subject matter jurisdiction over the action. *Bernard v. U.S. Dep't Of Def.*, 362 F. Supp. 2d 272, 277 (D.D.C. 2005). Upon review, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). In evaluating a motion to dismiss for lack of subject-matter jurisdiction, *the court must accept the complaint's well-pled factual allegations as true and construe all reasonable inferences in the plaintiff's favor. Thompson v. The Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (emphasis added). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007). The Court will accept as true all factual allegations in the complaint, and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See id.* at 1965; *Atchinson v. Dist. of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 422 (D.C. Cir. 1996).

## ARGUMENT

### I. THIS COURT MAINTAINS JURISDICTION TO REVIEW PLAINTIFFS' MANDAMUS CLAIMS AGAINST THE DEFENDANTS

#### A. This Court Has Mandamus Jurisdiction to Review Plaintiffs' Claims in Light of Plaintiffs' Clear Right to Relief

The Mandamus Act gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *In re Medicare Reimbursement*

7

*Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005); *see also Orlov v. Howard*, 523 F. Supp. 2d 30 (D.D.C. 2007). In a mandamus action, "[t]he Act sought to be compelled must be a 'clear nondiscretionary duty.'" *Orlov*, 523 F. Supp. 2d at 37.

Despite Defendants' allegations, <u>Plaintiffs have a clear right to have their asylum applications processed in a reasonable manner,</u> as derived from USCIS's mandatory duty to process asylum applications. *See* 8 C.F.R. §208.19 (imposing the duty to grant or deny asylum applications and communicate the decision to the applicant); INA § 209((d)(5)(A)(iii) (duty of adjudicating asylum applications within 180 days of receipt, absent "exceptional circumstances"); 8 U.S.C. §1158(d)(5)(A)(iii). While Defendants allege that Plaintiffs do not have a right to relief because Congress made completed identity checks a mandatory prerequisite for asylum in 8 U.S.C. § 1158(d)(5)(A)(I), the express and unequivocal duty contained within 8 U.S.C. §1158(d)(5)(A)(iii) to adjudicate applications within 180 days absent "exceptional circumstances" indicates that Congress intended that the background checks be completed within the enumerated timeframe absent "exceptional circumstances." Plaintiffs do not challenge the need or validity for mandatory identity checks enshrined in 8 U.S.C. § 1158(d)(5)(A)(I). Rather, Plaintiffs challenge the Defendants' excessive and unreasonable delay of 1,183 days in performing their mandatory, non-discretionary duties within the timeframe enumerated within 8 U.S.C. §1158(d)(5)(A)(iii).

Defendants utilize circular reasoning in claiming that Plaintiffs' do not have a right to have their asylum applications adjudicated before the name checks are completed, given that the Defendants' motion concedes that "The INA <u>requires</u> USCIS to obtain the results of security checks concerning the alien's identity prior to granting a petition for asylum." (Emphasis in original). As admitted by Defendants, the INA "<u>requires</u> USCIS to obtain the results of security checks," which is <u>precisely</u> the relief that Plaintiff seeks and the duty that USCIS has failed to perform.

8

Further, 8 U.S.C. § 1158(d)(5)(A)(I) indicates that, "asylum cannot be granted until the identity of the applicant has been checked against all appropriate records or databases maintained by the Attorney General and by the Secretary of State. . .." Although Defendants' contend that this provision strips the Court of subject-matter jurisdiction, in fact this provision only further reinforces Plaintiffs' contention that Defendants' owe a non-discretionary duty to obtain the results of the name checks and complete the adjudication of the underlying asylum application. Despite the Defendants' unfounded contention that USCIS has no mandatory duty to adjudicate asylum applications within a reasonable timeframe, 8 U.S.C. § 1158(d)(5)(A)(I) does not address, much less specify any discretion associated with the pace of application processing. Thus, as part of its mandatory duty to adjudicate asylum applications within 180 days, USCIS has a mandatory duty to ensure that the applicant's name check is completed within the enumerated timeframe "absent exceptional circumstances."

While Plaintiffs acknowledge they do not have a right to have their asylum applications adjudicated before the name checks have been completed, USCIS has the non-discretionary duty to obtain the name checks, as so conceded within the Defendant's motion. While the Defendants' contend that Congress expressly forbade the grant of asylum to an alien "if there are reasonable grounds for regarding the alien as a danger to the security of the United States," 8 U.S.C. § 1158(B)(2)(A)iv), no reasonable basis for regarding Plaintiffs in such a way has been alleged, nor has any reason been given for the grossly-delayed performance of Mr. Bahi's name check.

Recognizing that reasonable jurists may differ in resolving these questions of statutory interpretation of 8 U.S.C. § 1158(d)(5)(A)(iii) (requiring adjudication of asylum applications within 180 days) and 8 U.S.C. § 1158(d)(5)(A)(I) (requiring the completion of background checks prior to the adjudication of asylum applications), this Court should rely on the applicable presumptions, all

9

of which are in favor of finding jurisdiction over Plaintiffs' claim. First, Congress's intent to limit federal jurisdiction must be "clear and convincing" in order to preclude judicial review. *See Bd. of Governors of the Fed. Reserve Sys. v. MCorp. Fin., Inc.*, 502 U.S. 32, 44 (1991). Second, there exists a general presumption in favor of judicial review of administrative acts. *See INS v. St. Cyr*, 533 U.S. 289, 298 (2001). Third, there is the principle that statutory ambiguities in immigration laws are resolved in favor of immigrants. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987). In light of all three principles, 8 U.S.C. § 1158(d)(5)(A)(I) does not eliminate this Court's jurisdiction over plaintiff's clear right to relief.

Plaintiffs' right to relief is further reinforced by a recent memorandum issued by Defendant USCIS. *See USCIS Interoffice Memorandum,* "Revised National Security Adjudication and Reporting Requirements," HQ70/23&70/28.1 (Feb. 4, 2008). The recent memorandum revised the national security adjudication and reporting requirements, such that when an application for adjustment of status has remained pending for over days, "the adjudicator shall approve the [application] and proceed with card issuance. The FBI has committed to providing FBI name check results within this timeframe." Although the revised guidelines do not specifically refer to asylum applications, they do not explicitly exclude them either, as they do other forms of applications. Nonetheless, the guidance (issued by Defendant USCIS itself) further reinforces the 180 day timeframe for adjudicating asylum applications enumerated in 8 U.S.C. § 1158(d)(5)(A)(iii).

Given that USCIS has imposed this timeframe upon itself in other contexts—where no such regulatory obligation existed--and stated that the FBI has committed itself to satisfying its duties accordingly, there is no reason to believe that it has no similar obligation to do so under the present circumstances. Further, the recently-issued memorandum further undermines Defendants' argument that the "exceptional circumstances" language contained in 8 U.S.C. § 1158(d)(5)(A)(iii)

10

should be read to include pending FBI name checks, since it states that adjustment applications should simply approved where FBI name checks are pending for over 180- days. Therefore, given that Plaintiffs' application is "otherwise approvable" in light of the Recommended Approval and the fact that the FBI name check request has been pending for more than 180 days, USCIS should follow its own guidance and adjudicate the pending application.

### B. Pursuant to this Court's Mandamus Jurisdiction and the APA, This Court Possesses the Authority to Review Plaintiffs' Complaint

The APA requires USCIS and the FBI to carry out its duties within "a reasonable time." 5 U.S.C. §555(b). Specifically, 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. §555(b). The over three-year and two month delay in adjudicating Plaintiffs' Asylum Application and processing Plaintiffs' name checks is unreasonable and constitutes the precise circumstances that the APA was designed to cure. The established body of administrative law distinguishes between action and inaction. Inaction represents action that has been unlawfully withheld. The APA relies on this distinction in 5 U.S.C.S. § 706, as § 706(1) remedies unlawful agency inaction and § 706(2) remedies unlawful agency action. An agency has a duty to conclude a matter presented to it within a "reasonable time." *Id.* § 555(b). Accordingly, the scope of judicial review includes "compel[ling] agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1); *see also Brock v. Pierce County*, 476 U.S. 253, 260 n.7 (1986) (noting that the APA gives district courts the authority to "compel agency action unlawfully withheld or unreasonably delayed") (citing 5 U.S.C. § 706(1)).

Despite Defendants' allegations, Plaintiffs' complaint does not contend that the APA provides an independent basis for the existence of subject matter jurisdiction. *Califano v. Sanders,*

11

430 U.S. 99, 107 (1977). Rather, pursuant to 28 U.S.C. § 1331, a federal district court has jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331. Accordingly, 28 U.S.C. § 1331 in combination with the APA, vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld. *See Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 357 U.S. App. D.C. 422, 336 F.3d 1094, 1099-1100 (D.C. Cir. 2003) ("the district court had jurisdiction under 28 U.S.C. § 1331 . . . to determine whether the [agency] was in violation of § 555(b), and, if it was, to issue an appropriate order pursuant to § 706.').

Although the APA precludes judicial review to the extent "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2), Defendants' duties at issue are not committed to agency discretion. Because administrative adjudication of a properly filed affirmative asylum application not barred from judicial review under INA §242(a)(2)(B), as it is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of DHS, the Court retains original mandamus jurisdiction over this claim.[2] Further, as discussed *supra*, Defendants contention that because asylum decisions are dependant upon the completion of FBI name checks, *see* 8 U.S.C. § 1158(d)(5)(A)(1), Plaintiffs' unreasonable delay claim cannot be brought under the APA. Neither the FBI's performance of security checks nor USCIS' adjudication of asylum applications is discretionary in nature. *See* 8 C.F.R. §208.19 (imposing the duty to grant or deny asylum applications and communicate the decision to the applicant); INA § 209((d)(5)(A)(iii) (duty of adjudicating asylum applications within 180 days of receipt, absent "exceptional circumstances"); 8 U.S.C. §1158(d)(5)(A)(iii).

---

[2] While the ultimate decision on whether to grant or deny asylum is a matter of discretion, the actual processing and adjudication of asylum applications in non-discretionary in nature, and therefore, subject to mandamus jurisdiction.

12

Further, Defendants allege that because name checks are a means of assessing whether a person poses a threat to national security that the presumption of judicial review is overridden. However, <u>Defendants' have failed to assert any reason for the over three year delay in processing Plaintiffs' name check to even suggest with any evidence that Mr. Bahi poses a threat to national security.</u> They merely assert that it remains "pending." Respectfully, Plaintiffs' request to expedite the name check supports Defendants' purported justification of upholding national security interests, as it is everyone's interest to have the name check completed expeditiously.

The Defendants' citation of authority in support of its purported national security-based presumption against judicial review is wholly unrelated to the matter at hand. Defendants' cited *Bruno v. Albright*, 20 F. Supp. 2d 51 (D.C. Cir. 1999), which held that the APA did not provide an independent grant of jurisdiction for review of consular decisions abroad, where a man who had been classified as a suspected drug trafficker was denied issuance of a visa. Here, Mr. Bahi has not been classified as any threat to national security. Further, the Defendants' further based its argument for limiting the presumption of judicial review in citing *Voinche v. FBI*, 940 F. Supp. 323, 328 (D.D.C. 1996), which held that the FBI properly withheld information obtained through wiretaps that related to a grand jury proceeding because the release of the names and identifying was contrary to the interests of national defense or foreign policy. Again, Defendants' have not proffered any national security basis for failing to perform their duties or for limiting judicial review and therefore, their invocations of a national security basis is wholly unsupported by the record.

In accordance with the Plaintiffs' underlying complaint, the D.C. Circuit allows review of agency inaction for certain types of claims, including ones that allege that "the pace of the agency decisional process lags unreasonably." *See Sierra Club v. Thomas*, 264 U.S. App. D.C. 203, 828 F.2d 783, 794 (D.C. Cir. 1987); *Liu v. Novak*, 509 F. Supp. 2d 1 (D.C. 2007). In such cases, as

here, "the statutory duty involved . . . does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice." *Id.* As stated by this Court, "Agencies most often bear this duty of timeliness as a result of the APA's broad prohibition against "unreasonable delay." *Liu*, 509 F. Supp. 2d at 21 (citing 5 U.S.C. §§ 555(b), 706(1)).

Therefore, the Court maintains jurisdiction over Plaintiffs' APA claim that Defendants have unreasonably delayed adjudicating their application. *See Thomas*, 828 F.2d at 794; *Nat'l Wildlife Fed'n v. Browner*, 326 U.S. App. D.C. 451, 127 F.3d 1126, 1131 (D.C. Cir. 1997) (stating that plaintiff could challenge the EPA's unreasonable delay in making a discretionary decision under the APA). Further, the obligation to perform the name check and adjudicate Plaintiffs' application is non-discretionary in nature and within the scope of ADA review and mandamus jurisdiction.

## II. PLAINTIFFS' COMPLAINT STATES A CLAIM AGAINST THE USCIS DEFENDANTS FOR UNREASONABLE DELAY

On the merits, Defendants move to dismiss Plaintiffs' APA claim for failure to state a claim, summarily arguing that Plaintiffs' factual allegations do not demonstrate an unreasonable delay, though they have not provided any specific explanations for why the delay to date has been reasonable. Plaintiffs have stated a valid APA claim, and on the undisputed facts, the Court should find the Defendants' delay unreasonable and deny its motion to dismiss.

The D.C. Circuit in *Telecommunications Research & Action Center v. FCC*, 242 U.S. App. D.C. 222, 750 F.2d 70 (D.C. Cir. 1984) identified six factors ("TRAC" factors) relevant to determining whether agency delay is unreasonable:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed

action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'

*Id.* at 80 (citations omitted).

With regard to the first TRAC factor, Plaintiffs' application has been pending for over three years, which far exceeds the rule of reason. Defendants' explanation for the delay is that the FBI name check has not been completed for Plaintiff Constant Bahi. The factual background information provided by Defendants with their motion generally describes the name check process, but altogether fails to explain what the average or expected processing times are, or why Plaintiffs' particular name check has not been processed. Defendants had an opportunity to submit additional information or argument in their motion, especially given their request for additional time to file an answer, but failed to do so. As Defendants have described the name check process as one where data is primarily retrieved from an electronic database, and only occasionally from paper records, it does not seem reasonable that this process would take over three years to complete especially since it took a mere three days to perform Mrs. Kouadio's.

In the absence of more detailed information from the agency to explain the delay in Mr. Bahi's name check, the Court should look to other unreasonable-delay cases. Federal courts have held that delays as long as four years are unreasonable for immigrant status adjustment applications. *See, e.g., Singh v. Still*, 470 F. Supp. 2d 1064, 1071 (N.D. Cal. 2007) (holding four-year delay was not reasonable); *Haidari v. Frazier*, No. 06-3215, 2006 U.S. Dist. LEXIS 89177, 2006 WL 3544922, at *6 (D. Minn. Dec. 8, 2006) (holding four-year delay was not reasonable due to FBI name checks); *Yu v. Brown*, 36 F. Supp. 2d 922, 935 (D.N.M. 1999) (holding two-and-a-half-year delay was not reasonable). Thus, the first TRAC factor weighs in favor of finding the delay to plaintiff unreasonable.

15

The second TRAC factor further weighs in Plaintiffs' favors, as Congress has expressly "provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute," as contained within INA § 209((d)(5)(A)(iii) (duty of adjudicating asylum applications within 180 days of receipt, absent "exceptional circumstances").

With regard to the third and fifth TRAC factors, Plaintiffs assert that they are being denied the benefits of asylee status. For example, the delay prejudices Plaintiffs' ability to adjust their status to lawful permanent residents, which asylees are entitled to do one-year after being granted asylum. Further, the *ad infinitum* pending status means they do not have social security cards, which renders it very difficult for them to enroll their daughter in school. Further, their uncertain immigration status has impacted their ability to find gainful employment, and thereby secure adequate income and their rightful place within American society. Thus, these factors weigh in favor of finding the delay unreasonable.

With regard to the fourth TRAC factor, Defendants have not provided any information that would allow the Court to find this factor in their favor. Plaintiff Mr. Bahi asserts that there is no active investigation of him and Defendants have failed to dispute this assertion with any specificity. Further, Defendants described the name check system as being prioritized in order of application date, so requiring the processing of Plaintiff's name check may increase the delay for others. *See Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 116 (D.D.C. 2005).

Therefore, based on the largely electronic nature of the name check process, the decisions within other courts, and the prejudice to Plaintiffs, Plaintiffs request that this Court conclude that the present three-year, and nearly three-month delay in adjudicating Plaintiffs' application is unreasonable. Despite the fact that they had ample opportunity, Defendants failed to provide information to find that Plaintiffs' interests are outweighed by the impact of the remedy requested.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court DENY Defendants' Motion to Dismiss and require Defendants to complete the adjudication of Plaintiffs' application.

Dated: February 15 2008                                  Respectfully submitted,


                                              /s/Robert L. Oswald
                                              ROBERT L. OSWALD
                                              *Counsel for Plaintiffs*
                                              DC Bar No. 364446
                                              Beach-Oswald Immigration Associates P.C.
                                              888 17th St. NW, Suite 310
                                              Washington DC 20006

## CERTIFICATE OF SERVICE

I hereby certify that on this 15h day of February, 2008, I caused the foregoing Opposition Memorandum to be filed and served via the Court's Electronic Case Filing system.

          **/s/Robert L. Oswald**

ROBERT L. OSWALD
*Counsel for Plaintiffs*
DC Bar No. 364446
Beach-Oswald Immigration Assoc., P.C.
888 17th St. NW, Suite 310
Washington DC 20006
Tel:(202) 331-2883