UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CONSTANT OTTRO BAHI, et al.,        )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Case Number:  1:07CV1650 (JDB)
                                    )
MICHAEL B. MUKASEY, Attorney General,)
et al.,                             )
                                    )
            Defendants.             )
_____)

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

It is undisputed that Plaintiffs' asylum applications remain pending because the background checks the FBI is conducting on Plaintiff Constant Bahi have not yet been completed. Congress has made completed identity checks a precondition to the grant of asylum, and United States Citizenship and Immigration Services ("USCIS") cannot lawfully complete its adjudication of an asylum application before it receives the results of the FBI name checks. See 8 U.S.C. §§ 1158(d)(5)(A)(i). Moreover, granting asylum to an individual before confirming that there is no derogatory information about that individual in the government's law enforcement databases "would be unconscionable, and potentially risk the safety and security of the nation." Declaration of Ann Palmer, ¶ 5 (Exh. 1 to Defendants' Motion to Dismiss,[1] Dkt. Entry 4-1).

Plaintiffs admit that they "have no right to have their asylum applications adjudicated before the name checks have been completed." Dkt. Entry 5 at 9 (hereafter "Opp."). Nonetheless, they contend that this Court has jurisdiction to review their complaint — which

---

[1] Defendants' Motion to Dismiss will hereafter be referred to as "MTD."

seeks to compel the USCIS Defendants to complete the adjudication of the asylum application and to compel the FBI to complete the background checks — and that they have stated a valid claim for relief pursuant to the Mandamus Statute and the Administrative Procedures Act. Those arguments are mistaken.

## ARGUMENT

I.  **THIS COURT LACKS JURISDICTION TO REVIEW ANY ASPECT OF THE FBI'S BACKGROUND INVESTIGATIONS INCLUDING THE PACE AT WHICH THE NAME CHECKS PROCEEDS.**

As explained in Defendants' motion to dismiss, federal courts have "overwhelmingly concluded" that they lack jurisdiction to compel the FBI to complete its background checks within a specific time frame. Konchitsky v. Chertoff, No. Civ. 07-00294-RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); see also, e.g., Omar v. Mueller, 501 F. Supp. 2d 636, 640 (D. N.J. 2007) (finding no APA jurisdiction to review 'unreasonable delay' claim concerning FBI's completion of background check for naturalization applicant); Shalabi v. Gonzales, No. 06-866, 2006 WL 3032413, at * 5 (E.D. Mo. Oct. 23, 2006) (concluding court lacked jurisdiction to compel FBI to complete background checks); Sozanski v. Chertoff, 2006 WL 4516968, at *1 (N.D. Tex. Dec. 11, 2006) (finding no APA or Mandamus Act jurisdiction to compel FBI to complete background check). Plaintiffs fail to discuss or even acknowledge that precedent in their opposition brief, and instead summarily state that the FBI has a duty to complete the name checks within a 'reasonable time,' and that this Court has jurisdiction to compel it to do so. Opp. at 11-12. Those arguments are entirely lacking in merit.

    A.  **The Presumption Against Judicial Review of National Security Matters Applies to This Case.**

Under D.C. Circuit precedent, a presumption against judicial review applies to "matters

touching on national security or foreign affairs." Bruno v. Albright, 197 F.3d 1153, 1162 (D.C. Cir. 1999). The D.C. Circuit has not limited that presumption to complaints seeking review of specific immigration decisions such as the visa petition at issue in Albright. Instead, the Albright Court noted that the consular visa decision challenged in that case was an example of a matter implicating national security, and cited precedent in which courts have found they lack jurisdiction to review other types of claims which touch upon national security matters. See id. (citing Department of Navy v. Egan, 484 U.S. 518 (1988) (finding no jurisdiction to review employment discrimination claims concerning agency's review or denial of security clearance)); see generally Bennett v. Chertoff, 425 F.3d 999 (D.C. Cir. 2005) (finding no jurisdiction to review Title VII claim because the legal analysis would require the court to review agency's conclusion that national security concerns rendered applicant unsuitable for employment). The presumption against judicial review applies in this case, because the FBI's processing of a background investigation is inextricably intertwined with national security matters.

      Plaintiffs argue that the presumption against judicial review should not apply because Defendants have not provided particularized information concerning the factors causing the delay in completing Constant Bahi's pending name check, or identified specific ways in which he may pose a threat to national security. See Opp. at 13. However, the reviewability of the FBI's background investigation does not turn upon the specific security risks that may be posed by granting asylum to Constant Bahi. Rather, the issue is that the investigative process inherently involves national security matters, which traditionally have been reserved to the executive branch. The FBI's investigation determines, inter alia, whether the applicant's identifying information (i.e., name, social security number, or date of birth) matches that of an

individual whose name has been recorded in the FBI's databases in connection with an FBI investigation.  See Declaration of Michael Cannon, ¶ 11 (Exh. 2 to MTD) ("Cannon Decl.").  In some cases, it takes a considerable amount of time to review all of the pertinent material in the FBI's files to determine whether there is a "hit," and whether the information retrieved relates to Plaintiff (as opposed to another individual with the same or similar name or other identifying information).  See id. ¶¶ 13-15, 36.  Thus, a judicial ruling limiting the amount of time the FBI may devote to such investigations would effectively limit the scope, thoroughness, and content of the investigation.  That would be directly contrary to the FBI's determination that its primary security objectives must be accuracy and thoroughness.  See id. ¶ 20.

Moreover, disclosing specific information concerning the results of the FBI's investigation into Constant Bahi's background would be contrary to the longstanding privileges afforded to sensitive law enforcement information.  The FBI databases searched in the name check contain records compiled for law enforcement purposes, and may include files concerning individuals, organizations, activities, or foreign intelligence matters.  See id. ¶ 5. Thus, if an applicant is a suspected criminal and/or terrorist, or a known associate of such a person, the name check should reveal that information.  As a result, Defendants cannot disclose whether or not Constant Bahi is the subject of an ongoing criminal or terrorism-related investigation, or the number of "hits" (if any) found upon electronically submitting his name for batch processing, regardless of the fact that Plaintiffs may wish to know that information.  However it is reasonable to infer that, due to a common name, hits, and/or other factors, Constant Bahi's background check was among the 10 percent of those which cannot be resolved through electronic batch processing or the manual name searches that typically are completed within 30-

60 days.  See Eldeeb v. Chertoff, 2007 WL 2209231, at *5 (M.D. Fla. July 30, 2007) (drawing similar inference where pending name check delayed adjudication of adjustment of status application).

      **B.**      **The FBI Has Plenary Discretion Over Immigration-Related Background Checks And Does Not Have a Duty to Complete the Background Checks Within a Specific Time Frame.**

The FBI performs background investigations requested by numerous federal agencies, including USCIS.  See Cannon Decl. ¶ 4.  Congress has neither mandated that immigration-related background investigations be completed within a fixed period of time nor otherwise limited the scope of the FBI's investigation of an applicant's background.  Instead, Congress has generally authorized the FBI to gather and share identification- related information.  See 28 U.S.C. § 534.  There are no FBI regulations that limit the scope or length of background investigations.

Thus, Plaintiffs can point to no statute or regulation that gives the FBI a non-discretionary duty to complete Constant Bahi's background checks within a specified period of time, or on an expedited basis.  In the absence of such a duty, neither the Mandamus Act nor the APA provides subject matter jurisdiction to review Plaintiffs' claims against the FBI.  See, e.g., Omar, 501 F. Supp. 2d at 640 (concluding there was no subject matter jurisdiction to compel FBI to complete background checks in a fixed period of time).  Section 706(1) claims for 'unreasonable delay' "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take."  Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004); Orlov v. Howard, 523 F. Supp. 2d 30, 37 (D.D.C. 2007) (quoting Norton).  Similarly, mandamus jurisdiction arises only if a plaintiff can show that the defendant has a clear

non-discretionary duty to act and the plaintiff has a clear right to relief.  See In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C. Cir. 2005); Orlov, 523 F. Supp. 2d at 38.

Plaintiffs' suggestion that the INA provisions and USCIS regulations concerning asylum adjudications impose a non-discretionary duty upon the FBI to complete its investigations within a fixed period of time conflates the role of the FBI with that of the USCIS Defendants.  The INA provides that asylum applications should be adjudicated within 180 days absent exceptional circumstances. 8 U.S.C. § 1158(d)(5)(A)(iii).  The FBI does not adjudicate asylum applications, or any other applications for immigration benefits; USCIS performs those adjudications.  See Cannon Decl. ¶ 40.  8 C.F.R. § 208.19 is a USCIS regulation establishing procedures for notifying applicants of decisions after USCIS has completed its adjudication of an asylum application.  It has nothing to do with the FBI, or with the name checks the FBI performs.  Moreover, USCIS is a Department of Homeland Security Agency, and its regulations cannot impose obligations upon the FBI, which is a Department of Justice agency.

## II.   THE CLAIMS AGAINST THE USCIS DEFENDANTS SHOULD BE DISMISSED FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM.

The claims against the USCIS Defendants should be dismissed for two reasons.  First, there is no subject matter jurisdiction to review the mandamus claims because USCIS has no "clear non-discretionary duty" to complete its adjudication of an asylum application for which name checks remain pending, and Plaintiffs admit that they have no right to have their application adjudicated while the name checks remain pending.[2]  See MTD at 6-9; Opp. at 9

---

[2] Plaintiffs also have no right to the asylum status they seek, as the grant of asylum is a matter of discretion.  INS v. Cardozo-Fonseca, 480 U.S. 421, 443 (1987) ("[A]n alien who satisfies the applicable standard ... does not have a *right* to remain in the United States; he or she is simply *eligible* for asylum, if the Attorney General, in his discretion, chooses to grant it."); 8

("Plaintiffs acknowledge they do not have a right to have their asylum applications adjudicated before the name checks have been completed."). Second, Plaintiffs fail to state a claim for unreasonable delay under the APA, because USCIS's actions have been consistent with the INA provisions which expressly preclude USCIS from completing its adjudication of an asylum application while name checks remain pending, and therefore are reasonable as a matter of law. See MTD at 12-14.

### A.   There Is No Mandamus Jurisdiction Because the USCIS Defendants Have No Mandatory Duty to Perform the Acts Plaintiffs Seek to Compel.

In their opposition memorandum, Plaintiffs make two arguments concerning the USCIS Defendants' discretion, which contradict each other and are incorrect. First, Plaintiffs argue that USCIS has a nondiscretionary duty to obtain the name check results within 180 days in order to adjudicate asylum applications within that time frame. Defendants have in no way "conceded" that they have such a duty. Opp. at 9. Instead, the USCIS Defendants have invoked the plain language of the INA, which gives them a non-discretionary duty to wait for the name check results before completing an adjudication of an asylum application. USCIS does not perform the name checks, and therefore cannot dictate the pace at which the name checks are completed. See Palmer Decl. ¶ 8. The fact that a name check remains pending longer than 180 days after USCIS submits the name check request to the FBI for processing constitutes "exceptional circumstances," which waives the 180-day adjudication time frame that would otherwise apply. See MTD at 8-9.

---

U.S.C. § 1158(b)(1) (providing that asylum "may" be granted to an alien). Thus, Plaintiffs' description of asylum as their "rightful status" is misguided.

Second, Plaintiffs argue that the USCIS Defendants can adjudicate their pending asylum applications pursuant to a recent interoffice memorandum concerning the adjudication of adjustment of status applications for which FBI background checks have remained pending more than 180 days. Opp. at 10-11. That policy memorandum provides for adjudication of an adjustment of status application when the FBI background checks on the applicant have been pending more than 180 days and the application is "otherwise approvable," i.e., if the applicant meets all other eligibility criteria. Exh. 1 at 2. The memorandum does not purport to apply to USCIS's adjudication of asylum applications. See id. Even if it did, USCIS could not apply the memorandum in this context without violating the express terms of Section 1158(d)(5)(A)(I). Although Congress gave USCIS plenary discretion to adjudicate adjustment of status applications, it has withdrawn USCIS's discretion to grant an asylum application before identity checks are complete. Compare 8 U.S.C. § 1255 with id. § 1158(d)(5)(A)(I). Accordingly, although USCIS does have discretion to adjudicate adjustment of status applications before it receives name check results, it cannot adjudicate asylum applications in that manner.

**B. USCIS Has Not "Unreasonably Delayed" Its Adjudication of the Asylum Applications.**

As noted, the USCIS Defendants have not completed the adjudication of Plaintiffs' asylum applications because they have not yet received the results of the FBI name check on Constant Bahi. See Palmer Decl. ¶ 12; Compl. ¶ 34. Any delay caused by the USCIS Defendants' decision to wait for name check results is inherently reasonable, because the INA requires USCIS to await those name check results. It follows that Plaintiffs can state no claim for unreasonable delay with respect to the USCIS Defendants. See MTD at 13-14.

The unreasonable delay cases cited in Plaintiffs' opposition brief involve the adjudication of adjustment of status applications, and therefore are inapposite. As explained supra, the INA provisions governing adjustment of status do not contain language similar to that of Section 1158(d)(5)(A)(I). Thus, the fact that some courts have deemed it unreasonable for USCIS to wait for background check results prior to completing adjudication of an adjustment of status application does not undercut Defendants' position that Section 1158(d)(5)(A)(I) makes the pace at which the USCIS Defendants are adjudicating Plaintiffs' asylum applications reasonable as a matter of law. Moreover, as other courts have held, delays in adjudicating adjustment of status and other immigration applications that are attributable to USCIS's enforcement of a background check requirement are not "unreasonable" for purposes of the APA. See, e.g., Saleh v. Ridge, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (concluding five-year delay in adjudicating adjustment of status application was not unreasonable in light of the volume of applications in the system); Alkenani v. Barrows, 356 F. Supp. 2d 652, 656-57 (N.D. Tex. 2005) (no unreasonable delay in naturalization context because of need to wait for completion of FBI investigation).

Plaintiffs' remaining arguments misperceive the scope of the USCIS Defendants' 12(b)(6) motion. The FBI, not USCIS, performs the name checks. Thus, the USCIS Defendants' 12(b)(6) arguments focus on Plaintiffs' allegations that USCIS has failed to adjudicate the asylum application within a reasonable period of time. See Compl. at 1 & ¶ 33. Plaintiffs' allegation that the completion of the name check has been unreasonably delayed pertains to the FBI, which is the Defendant that is performing the name check. The FBI seeks dismissal solely on jurisdictional grounds, and did not raise a 12(b)(6) argument. Accordingly,

the reasonableness of the pace at which the FBI is performing Constant Bahi's name check is not currently before the Court.[3]

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Motion to Dismiss, Defendants move that this case be DISMISSED.

Dated: March 6, 2008                    Respectfully submitted,

                                           /s/
                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                  United States Attorney

                                           /s/
                                  RUDOLPH CONTRERAS, D.C. BAR #434122
                                  Assistant United States Attorney

                                        /s/ Robin M. Meriweather
                                  ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                  Assistant United States Attorney
                                  555 Fourth St., N.W.
                                  Washington, D.C.  20530
                                  Phone: (202) 514-7198   Fax: (202) 514-8780
                                  Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Michael Metzgar
Associate Regional Counsel
United States Citizenship and Immigration Services,
  Department of Homeland Security

---

[3] If the Court finds that it has jurisdiction to review the FBI's name checks, Defendants will address that issue in a summary judgment motion.

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Domestic Operations of Directorate*
Washington, DC 20529



**U.S. Citizenship and Immigration Services**

**FEB 4 - 2008**

HQ 70/23 & 70/28.1

## Interoffice Memorandum

**TO:** Field Leadership

**FROM:** Michael Aytes
Associate Director, Domestic Operations

**SUBJECT:** Revised National Security Adjudication and Reporting Requirements

**Background**

U.S. Citizenship and Immigration Services (USCIS) conducts background checks on all applicants, petitioners, and beneficiaries seeking immigration benefits. This is done both to enhance national security and to ensure the integrity of the immigration process. USCIS has previously mandated that FBI name checks be completed and resolved before any positive adjudication can proceed on certain form types. This memorandum modifies existing guidance for applications where statutory immigration provisions allow for the detention and removal of an alien who is the subject of actionable information that is received from the FBI or other law enforcement agencies after approval of the application.

USCIS is issuing revised guidance in response to recommendations of the DHS Office of Inspector General (OIG-06-06) regarding the need to align the agency's background and security check policies with those of U.S. Immigration and Customs Enforcement (ICE). The *Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals* regulations prevent immigration judges and the Board of Immigration Appeals (BIA) from granting benefits to aliens before DHS confirms that all background and security checks have been completed. *See* 8 C.F.R. § 1003.47(g); 8 C.F.R. § 1003.1(d)(6)(i). In the context of removal proceedings, ICE has determined that FBI fingerprint checks and Interagency Border Inspection Services (IBIS) checks are the required security checks for purposes of the applicable regulations. In the unlikely event that FBI name checks reveal actionable information after the immigration judge grants an alien permanent resident status, DHS may detain and initiate removal proceedings against the permanent resident. *See* 8 U.S.C. § 1227; *see also* 8 U.S.C. § 1256 (allowing DHS to rescind an alien's adjustment of status).

www.uscis.gov

**Revised National Security Adjudication and Reporting Requirements**
Page 2

**Revised Guidance**

A definitive FBI fingerprint check and the IBIS check must be obtained and resolved before an Application for Adjustment of Status (I-485), Application for Waiver of Ground of Inadmissibility (I-601), Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act (I-687), or Application to Adjust Status from Temporary to Permanent Resident (Under Section 245A of Public Law 99-603) (I-698) is approved. USCIS will continue to initiate FBI name checks when those applications are received. Where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485, I-601, I-687, or I-698 and proceed with card issuance. The FBI has committed to providing FBI name check results within this timeframe.

There is no change in the requirement that FBI fingerprint check, IBIS check and FBI name check results be obtained and resolved prior to the adjudication of an Application for Naturalization (N-400).

Pending further guidance regarding post-audit reporting and tracking requirements and modifications to associated quality assurance procedures, applications approved pursuant to this memorandum shall be held at the adjudicating office. If derogatory or adverse information is received from the FBI after the application is approved, USCIS will determine if rescission or removal proceedings are appropriate and warranted.

Subject to the reporting requirements set forth in the February 16, 2007, memorandum titled "FBI Name Checks Policy and Process Clarification for Domestic Operations," an application or petition may be denied, dismissed, administratively closed, withdrawn, or referred to the Immigration Court at any time.

Questions regarding this memorandum should be directed through appropriate supervisory and operational channels. Local offices should work through their chain of command.

Distribution List:
Regional Directors
Service Center Directors
District Directors (except foreign)
Field Officer Directors (except foreign)
National Benefits Center Director